**Maricela RAMIREZ, Plaintiff–Appellant,**

v.

**Melanie PARKER, M.D.; et. al., Defendants–Appellees.**

Nos. 16–35131
16–35367

United States Court of Appeals,
Ninth Circuit.

Submitted September 26, 2017 *

FILED OCTOBER 4, 2017

Maricela Ramirez, Portland, OR, pro se.

Lindsey Harris Hughes, Keating Jones Hughes PC, Portland, OR, for Defendants–Appellees.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Maricela Ramirez appeals pro se from the district court's orders denying her Fed. R. Civ. P. 60 motion and her motion for an extension of time to file a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc) (motion for extension of time to file a notice of appeal); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (motion for reconsideration under Rule 60). We affirm.

The district court did not abuse its discretion in denying Ramirez's Rule 60 motions for reconsideration because Ramirez failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J*, 5 F.3d at 1263 (setting forth grounds for reconsideration under Rule 60(b)).

The district court did not abuse its discretion in denying Ramirez's untimely motion for an extension of time to file a notice of appeal because Ramirez failed to demonstrate good cause or excusable neglect. *See* Fed. R. App. P. 4(a)(5)(A) (district court may extend time for filing notice of appeal upon showing of good cause or excusable neglect); *Pincay*, 389 F.3d at 858–60 (discussing excusable neglect and explaining that this court must affirm unless there is a definite and firm conviction that the district court committed a clear error of judgment); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure.").

We reject as without merit Ramirez's contention that the district court discriminated against her on the basis of race.

We do not consider Ramirez's contentions regarding the district court's orders entered before January 25, 2016, because they are not within the scope of this appeal.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

* The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.